# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VLM FOOD TRADING INTERNATIONAL, INC. | ) |
| | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| v. | ) Case No: 1:12-CV-08154 |
| | ) |
| ILLINOIS TRADING CO., et al., | ) Hon. Harry D. Leinenweber |
| | ) |
| Defendants. | ) |

## MOTION FOR PARTIAL JUDGMENT ON PRINCIPAL AND INTEREST AMOUNTS BASED ON ADMITTED FACTS

The plaintiff, VLM Food Trading International, Inc.(the "Plaintiff"), respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 52(c), for entry of a judgment as a matter of law in Plaintiff's favor as to the principal amount and contractual interest amount against the defendants, Illinois Trading Co. (the "Company"), The Obee Family Partnership ("OFP") and Lawrence N. Oberman, individually ("L. Oberman") (OFP and L. Oberman are collectively referred to as the "Principals,") (the Company and the Principals are collectively referred to herein as the " ITC Defendants"). In support of this motion, Plaintiff states as follows:

### STATEMENT OF FACTS

1. On October 10, 2012, the Plaintiff filed its compliant against the ITC Defendants to enforce its rights as a valid trust beneficiary pursuant to the Perishable Agricultural Commodities Act 1930, 7 U.S.C. §§ 499a-499t (2009 & Supp. 2011)(the "PACA").

2. The ITC Defendants finally obtained new counsel on February 5, 2013 (DE #49 & 51).

3. On February 5, 2013, the ITC Defendants filed their Motion To Vacate the Default Judgment (DE #50).

4. On February 11, 2013, the Plaintiff filed an objection to the ITC Defendants' motion. (DE #54).

5. On February 11, 2013, the ITC Defendants filed a response to the Plaintiff's objection (DE #55) (the "Response").

6. The Response stated as follows: "[ITC] Defendants, at this time, do not dispute the underlying debt at issue in this case." See DE#55 at p.1.

7. The Response also stated as follows: "The ITC Defendants, as correctly stated by Plaintiff in their objections, have little quarrel with the value of the Plaintiff's claims for the underlying debt." See DE#55 at p.2.

8. The Response goes on to state the ITC Defendants only "meritorious defense" is whether the invoice based fee-shifting provision is enforceable. There is no further mention to any defenses to the admitted principal amount or the admitted interest rate or amount.

9. The "underlying" principal is $184,978.00, being the unpaid principal due to Plaintiff on the nine (9) unpaid invoices at issue in this matter.

10. The "underlying" debt also includes the contract rate of interest at "1.5% per month (18% per annum)" as stated on the Plaintiff's invoices to the ITC Defendants. As of February 19, 2013, that amount is $15,694.88 and carries a per diem of $92.49.

ARGUMENT

11. Under Fed. R. Civ. Pro. 52(c), this Honorable Court is expressly empowered to enter a judgment on partial findings, such as when defendants admit outcome determinative facts.

12. The rule "authorizes to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence." See Advisory Committee Notes, 1991 Amendments.

13. In the present case, the ITC Defendants have clearly admitted they "do not dispute the underlying debt at issue in this case." See DE#55 at p.1. See also Fed. R. Evid. 801(d)(2)(D).

14. The Plaintiff's claim consists of three (3) components: principal, interest and fees.

15. Now that the ITC Defendants have admitted the first two (principal and interest) are no longer disputed, those claims can, and should be, reduced to judgment.

16. That partial judgment will help to narrow the focus of the bench trial re-set for February 19, 2013 to the (admittedly) only issue that remains disputed in this case - the ITC Defendants' claim of a "meritorious defense" to the 3rd component of the debt in this case, the fee-shifting provision.

17. The judgment should include the "no longer disputed" principal of $184,978.00 and the "no longer disputed" contract right to 18% pre-judgment interest.

18. As of February 19, 2013, that interest figure is $15,694.88 and carries a per diem of $92.49. Together, the admitted principal amount and admitted interest amount adds up to $200,672.88 as of February 19, 2013.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to enter a partial judgment in favor of Plaintiff and against the ITC Defendants, jointly and severally, in the current amount of $200,672.88, plus additional interest at the per diem of $92.49 from and after February 19, 2013 and for such other and further relief as this Honorable Court may deem appropriate upon consideration of this matter.

Dated: February 14, 2013

Respectfully submitted,

VLM FOOD TRADING INTERNATIONAL, INC.

By: /s/ Michael J. Keaton, Esq.
    One of Its Attorneys

Michael J. Keaton, Esq.
Kevin P. Kelley, Esq.
KEATON LAW FIRM, P.C.
707 Lake Cook Road, Suite 300
Deerfield, Illinois 60015
Tel:  847/934-6500
Fax: 847/ 934-6508
E-mail: keaton@pacatrust.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

       I, the undersigned counsel for the Plaintiff, hereby certify that he has served a true and correct copy of the foregoing document and all attachments upon all counsel of record properly registered with this Honorable Court's ECF system this day, February 14, 2013, or served, via fax, e-mail or first class mail with proper postage prepaid, upon the following recipients:

George L. Grumley, Esq.
Richard C. Carey, Esq.
GRUMLEY, KAMIN & ROSIC, LLC
70 West Madison Street, Suite 2100
Chicago, Illinois 60602-4253

                                          By:   /s/ Michael J. Keaton

                                          Michael J. Keaton, Esq.
                                          KEATON LAW FIRM, P.C.
                                          707 Lake Cook Road, Suite 903
                                          Deerfield, Illinois 60015
                                          Tel: 847/934-6500
                                          Fax: 847/ 934-6508
                                          E-mail: keaton@pacatrust.com

                                          *Counsel for Plaintiff*